UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KELLY BENJAMIN,                                              Case No. 12-CV-220 DWF/SER

          Plaintiff,

vs.

J. PETERSON, BADGE 5622,
in his individual capacity acting
under color of law as a
Minneapolis police officer,

MICHAEL FRYE, BADGE \_\_\_\_,
in his individual capacity acting
under color of law as a
Minneapolis police officer,

CITY OF MINNEAPOLIS,
a political subdivision of the
state of Minnesota,

CITY OF SAINT PAUL,
a political subdivision of the
state of Minnesota,

and

RAMSEY COUNTY,
a political subdivision of the
state of Minnesota,

          Defendants.

---

**JOINT RULE 26(f) REPORT**
_____

1. <u>Date and Place of the Meeting;</u> <u>Identification of the Parties and Their Attorneys;</u> <u>Agenda of Matters for Pretrial Conference.</u>

    a. The date and place at which the meeting was held;

    March 19, 2012 via telephone conference

    b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting;

    *Plaintiff*
    Kelly Benjamin
    Tampa, Florida

    *Attorneys for Plaintiff*
    Peter J. Nickitas
    Peter J. Nickitas Law Office, LLC
    431 S. 7th St., Suite 2446
    P.O. Box 15221
    Minneapolis, MN 55415

    *Defendants*
    Officer J. Peterson
    Minneapolis Police Department

    Officer Michael Frye
    Minneapolis Police Department

    City of Minneapolis

    City of St. Paul

    Ramsey County

    *Attorneys for Defendants*
    Jon K. Iverson
    Jason M. Hiveley
    Stephanie A. Angolkar
    IVERSON REUVERS
    9321 Ensign Avenue South
    Bloomington, MN 55438
    (952) 548-7200

    c.    name of insurance carriers that may be liable for the defense or payment of and damage award;

        The City and County Defendants are insured by Lexington Insurance Company, a member company of American International Group, Inc. The limits of liability for all claims are set forth in the Declaration of Coverage.

2.    Description of the Case.

    a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

        This is a federal civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334(a)(3) and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

    b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

        Plaintiff asserts:

        Plaintiff Kelly Benjamin, an adult individual, domiciliary of Florida, and credential-carrying independent journalist, sues individual defendants Peterson and Frye, jointly and severally for violations of his clearly established federally protected rights to gather and report news under the First and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizure of his person and property under the Fourth and Fourteenth Amendments to the United States Constitution, and to be free from infliction of excessive, unreasonable force under the Fourth and Fourteenth Amendments of the United States Constitution through 42 U.S.C. § 1983 for bodily and property injuries he suffers in his warrantless, causeless arrest at 9th and Temperance in Saint Paul, Minnesota on 1 September 2008 while he peacefully gathers news as an independent journalist covering the Republican National Convention (RNC). He suffers unreasonable confinement in the Ramsey County Jail for four days.

        The City of Saint Paul charges Mr. Benjamin with felony riot, obstruction of legal process, and disorderly conduct. The City dismisses these charges on its own initiative on or about 4 November 2008, without a judicial finding of probable cause.

    Mr. Benjamin states First, Fourth, Fourteenth Amendment claims through 42 U.S.C. § 1983 against individual defendants Peterson and Frye, as well as *Monell* claims against the City of Minneapolis and City of Saint Paul, jointly and severally, for failures to train and supervise officers, deliberate indifference to the constitutional rights of individuals including journalists. He sues Ramsey County for *Monell* claims arising under the Fourth and Fourteenth Amendment to the U.S. Constitution. He sues the City of Minneapolis and City of Saint Paul, jointly and severally for violations of his right as a journalist to gather and disseminate news into interstate commerce under the Privacy Protection Act of 1980, 42 U.S.C. § 2000aa. et seq. Mr. Benjamin states a number of common law and Minnesota statutory claims as well.

    Defendants assert:

    Defendants deny violating Plaintiff's constitutional rights. Plaintiff fails to state a prima facie case of any state or federal claim. Plaintiff's claims are barred by the legal doctrines of qualified, statutory and official immunity and the legal doctrine of public duty.

c. A summary itemization of the dollar amount of each element of the alleged damages.

    Plaintiff asserts:

    Mr. Benjamin has his press credentials, a laminated pass, in conspicuous view on his person at all times, Nevertheless, the defendants batter Mr. Benjamin with fists and blunt objects. They step on his head repeatedly. The defendants handcuff him. Mr. Benjamin suffers multiple cuts and bruises. The defendants' seizure results also in a ripped shirt and the destruction of his video recorder, valued at approximately $500. He suffers four days' confinement, in which Ramsey County subjects him to repeated body-cavity searches.

    Mr. Benjamin demands general damages in excess of $75,000. He demands punitive damages in excess of $75,000 against defendants Peterson and Frye, jointly and severally. Mr. Benjamin demands statutory damages of $1,000 and actual damages against defendants City of Minneapolis and City of Saint Paul, jointly and severally, for violations of his rights under the Privacy Protection Act, 42 U.S.C. § 2000aa et seq. Mr. Benjamin seeks declaratory and injunctive relief to enjoin the defendants against subsequent violations of journalists' rights under the First and Fourteenth Amendments and the Privacy Protection Act. He seeks costs,

4

disbursements, and attorney fees per 42 U.S.C. §§ 1988 and 2000aa. Mr. Benjamin demands trial by jury on all claims triable to the jury.

3. Pleadings.

   a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

   Plaintiff's Complaint and Defendants' Answer have been filed.

   b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

   July 1, 2012

   c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

   A jury trial has been demanded.

4. Discovery Plan. (If the parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.)

   a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

   May 1, 2012

   b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

   No

   c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

   No

d. How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

*Defendants propose:*

Requests for electronically stored information not reasonably accessible and requiring recovery from backup tapes and restoration to searchable formats shall only be conducted by specific agreement with a party and upon the party's agreement to bear the cost. Such data is subject to redaction pursuant to the Minnesota Data Practices Act (Minn. Stat. §§ 13.43 and 13.82 and other applicable provisions) as well as attorney-client privilege. Electronically stored information which is readily accessible and requiring no restoration from backup tapes will be produced through the normal course of responses to discovery, subject to appropriate objections and privilege.

e. How the parties propose handling claims of privilege and protection of trial preparation material;

*Defendants propose:*

The parties shall maintain and produce privilege logs.

f. How the parties propose handling the protection of confidential information;

The parties may enter into a stipulation for protective order to address any confidential information produced during discovery.

g. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B), including rebuttal experts;

Plaintiff identify expert and produce report:     October 1, 2012
Defendants identify expert and produce report:   November 15, 2012

h. Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any;

Defendants seek a limitation of 50 Requests for Admissions and 50 Requests for Production of Documents.

6

      i.      The number of interrogatories each side shall be permitted to serve, including subparts;

           50

      j.      The number of depositions (excluding depositions of expert witnesses) each side shall be permitted to take; and

           10

      k.      The number of expert depositions each side shall be permitted to take.

           1 per expert

5.    <u>Close of Fact and Expert Discovery and Non-Dispositive Motions</u>.

      a.      The date by which all discovery shall be completed;

           September 1, 2012

      c.      The date by which all expert discovery, including expert depositions, shall be completed;

           January 15, 2013

      d.      The date by which any independent medical examination shall be completed and the report served on the opposing party; and

           October 1, 2012

      e.      The date by which all non-dispositive motions shall be served, filed and heard by the Court;

           November 1, 2012

6.    <u>Dispositive Motions and Trial</u>.

      a.      Date by which all dispositive motions shall be served, filed and heard by the Court;

           December 1, 2012

      b.      Date by which case will be ready for trial;

March 1, 2013

c. The number of expert witnesses each party expects to call at trial; and

2

d. Estimated jury trial time (including jury selection and instructions, if applicable).

4 days

                                                IVERSON REUVERS

Dated: March 21, 2012                By   /s Stephanie A. Angolkar
                                                Jason M. Hiveley, #311546
                                                Stephanie A. Angolkar, #388336
                                          Attorneys for Defendants
                                          9321 Ensign Avenue South
                                          Bloomington, MN  55438
                                          (952) 548-7200

                                          PETER J. NICKITAS LAW OFFICE, LLC

Dated: March 21, 2012                By   /s Peter J. Nickitas
                                                Peter J. Nickitas, #212313
                                          Attorney for Plaintiff
                                          431 South Seventh Street, Suite 2446
                                          P.O. Box 15221
                                          Minneapolis, MN 55415
                                          (651) 238-3445