UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KELLY BENJAMIN,   Case No. 12-CV-220 DWF/SER

Plaintiff,

vs.   **PROTECTIVE ORDER**

J. PETERSON, BADGE 5622,
in his individual capacity acting
under color of law as a
Minneapolis police officer,

MICHAEL FRYE, BADGE ____,
in his individual capacity acting
under color of law as a
Minneapolis police officer,

CITY OF MINNEAPOLIS,
a political subdivision of the
state of Minnesota,

CITY OF SAINT PAUL,
a political subdivision of the
state of Minnesota,

and

RAMSEY COUNTY,
a political subdivision of the
state of Minnesota,

Defendants.

Based upon the Stipulation (ECF Document No. 17) of the parties, IT IS

HEREBY ORDERED:

1.      A party may designate a document "confidential" to protect information within the scope of Fed. R. Civ. P. 26(c).

2.      The parties may provide the following Confidential Materials to the attorneys for the parties under the terms and conditions set forth herein:

      a.   Plaintiff's date of birth, social security number and information relating to determining Medicare eligibility;
      b.   Plaintiff's Medical, psychiatric, insurance, tax, social security, unemployment benefits, and human services records obtained from third parties pursuant to signed releases; and
      c.   Any other information the parties' attorneys agree to treat as private or confidential.

3.      The Stipulation and Protective Order shall apply to the Confidential Materials identified above, and designated or claimed by either party to be private and non-public data.

4.      Nothing herein shall be construed to affect in any way the right of the Defendants or Plaintiff to object to the admissibility of any documents, testimony or other evidence at trial or any other proceeding relating to this matter.

5.      Nothing herein shall be construed to affect in any way the right of Defendants or Plaintiff to object to the discovery of certain documents or things as stated in the parties' written discovery responses.

6.      The production of the foregoing documents and the provision of deposition testimony shall be based on the following terms and conditions:

      a.   The documents to be produced in response to this Stipulation and Agreement and pursuant to the accompanying Order shall be considered "Confidential Materials" under the terms of the Stipulation and Agreement and accompanying Order, and this shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used only by "Qualified Persons," as defined in subparagraph 6(d), *infra*. The Confidential Materials shall not be disclosed to any other person unless and until otherwise agreed to by the party disclosing the Confidential Materials or ordered by the Court hearing this action. It is expressly agreed and understood that neither the parties nor their attorneys will or may use or disclose the Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by the above-captioned lawsuit.

c. If the parties' attorneys wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom will be designated as Confidential, and shall be treated as Confidential Materials subject to the provisions of this Stipulation and Agreement and pursuant to the accompanying Order.

d. Confidential Materials, including portions of deposition transcripts that constitute Confidential Materials, or information derived therefrom, may be disclosed or made available by attorneys for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

   i. The Court, subject to the provisions of subparagraphs 6(g) and 6(h) *infra*;

   ii. Attorneys for the parties to the action and the legal assistants, clerical and secretarial staff employed by such attorneys and any expert witnesses and attendant expert witness staff retained by the parties;

   iii. Representatives of the Lexington Insurance Company;

   iv. Court reporters employed in connection with any deposition in the action; and

   v. Any other person the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons,

3

    except as provided in subparagraphs 6(g) *infra*. All Qualified Persons shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph 6(b) of this Stipulation and Agreement and accompanying Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived therefrom to anyone who is not a Qualified Person within the meaning of this Stipulation and Agreement and accompanying Order.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in this Stipulation and Agreement and accompanying Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or trial, provided that:

    i. If such disclosure is at a deposition, only Qualified Persons may be present, except for the attorney for the witness;

    ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

    iii. The actual or potential witness shall be provided a copy of the Order accompanying this Stipulation and Agreement and advised it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph 6(b) of this Stipulation and Agreement and accompanying Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor information derived therefrom to anyone who is not a Qualified Person within the meaning of this Stipulation and Agreement and Accompanying Order.

7.      In the event any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

8.      Upon termination of this litigation, the parties' counsel shall promptly return all Confidential Materials and copies thereof to the party that produced the materials.

9.      The obligations of "Qualified Persons" to protect all confidential data and information shall survive the termination of this litigation.

10.     The designation of any document, information, or thing as confidential under this Stipulation and Agreement and accompanying Order is for purposes of this Protective Order only and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this or any other litigation apart from the application of this Stipulation and Agreement and accompanying Order.

11. If a party files documents containing Confidential information with the Court, such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the service and delivery of "Confidential" materials on a party opponent and the Court. The parties understand that designation by a party, including a third party, of a document as "Confidential" (including documents designated as "Confidential—Attorneys' Eyes Only") pursuant to this Protective Order cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion. Only those documents and portions

of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the requirements of protection from public filing (e.g. a statute, rule or regulation prohibits their disclosure; they are protected under the attorney-client privilege or work product doctrine; or they meet the standards for protection articulated in F.R.C.P. Rule 26(c)(1)(G)) shall be filed under seal. If the party submitting a document produced and designated as "Confidential" by another party in support or opposition to a motion believes that any such document should not be filed under seal, then sufficiently in advance of the submission, the party shall request the party designating the document as "Confidential" to permit the document to be publically filed, and the designating party shall respond to the request within two business days of the request (a) by indicating whether the designating party agrees or objects to the public filing of the document, and (b) for any objection, by explaining why the document meets the requirements of protection from public filing. If the party designating the document as "Confidential" objects to the public filing of any document, then the document shall be filed under seal, and at the same time as it is filed, the party filing the document under seal must notify in writing the party who designated the document as "Confidential" and the Court hearing the motion for which the sealed document is being submitted of the dispute regarding the filing of the document under seal, and at the hearing these parties shall address with the Court whether the document should or should not remain sealed. The party asserting that the document should be filed under seal shall have the burden of proving that the document shall remain under seal.

Dated:  January 17, 2013	*s/Steven E. Rau*
	Steven E. Rau
	U.S. Magistrate Judge